8/23/2019 2:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36234305
By: Nancy Torres
Filed: 8/23/2019 2:24 PM

2019-59314 / Court: 234

CAUSE NO. _____

| | | |
|---|---|---|
| BAYWAY LINCOLN MERCURY, INC. d/b/a BAYWAY LINCOLN; WISCH AUTO GROUP, INC. d/b/a BAYWAY CHEVROLET; WISCH MOTORS, INC. d/b/a BAYSHORE CHRYSLER JEEP DODGE; BAYWAY AUTO SALES, INC. d/b/a BAYWAY VOLVO, and WISCH AUTO SALES, LLC d/b/a WINNIE CHRYSLER DODGE JEEP RAM<br>Plaintiffs,<br><br>v.<br><br><br><br>UNIVERSAL UNDERWRITERS INSURANCE COMPANY,<br>Defendant. | § § § § § § § § § § § § § § § § § § § § | IN THE _____ JUDICIAL<br><br><br><br><br><br><br><br><br>DISTRICT COURT OF<br><br><br><br><br><br><br><br>HARRIS COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION**

COMES NOW, Bayway Lincoln-Mercury, Inc. d/b/a Bayway Lincoln, Wisch Auto Group, Inc. d/b/a Bayway Chevrolet, Wisch Motors, Inc. d/b/a Bayshore Chrysler Jeep Dodge, Bayway Auto Sales, Inc. d/b/a Bayway Volvo, and Wisch Auto Sales, LLC d/b/a Winnie Chrysler Dodge Jeep RAM (hereinafter individually a "*Plaintiff*" or collectively "*Plaintiffs*") and files this Original Petition against Defendant Universal Underwriters Insurance Company ("*Defendant*") and for good cause allege as follows:

**I. DISCOVERY LEVEL/MONETARY RELIEF**

1. Plaintiffs affirmatively plead that discovery should be conducted under Level 3 in accordance with Tex. R. Civ. P. 190.3.

Plaintiffs' Original Petition – Page 1

**EXHIBIT 2**

2.   In accordance with Tex. R. Civ. P. 47, Plaintiffs seek actual monetary damages in excess of $1,000,000.00.

## II.  PARTIES

3.   Plaintiff, Bayway Lincoln-Mercury, Inc. d/b/a Bayway Lincoln, is a Texas corporation with its principal place of business in Harris County, Texas.

4.   Plaintiff, Wisch Auto Group, Inc. d/b/a Bayway Chevrolet, is a Texas corporation with its principal place of business in Brazoria County, Texas.

5.   Plaintiff, Wisch Motors, Inc. d/b/a Bayshore Chrysler Jeep Dodge, is a Texas corporation with its principal place of business in Harris County, Texas.

6.   Plaintiff, Bayway Auto Sales, Inc. d/b/a Bayway Volvo, is a Texas corporation with its principal place of business in Harris County, Texas.

7.   Plaintiff, Wisch Auto Sales, LLC d/b/a Winnie Chrysler Dodge Jeep RAM, is a Texas limited liability company with its principal place of business in Chambers County, Texas.

8.   Defendant Universal Underwriters Insurance Company is an Illinois corporation. Defendant Universal Underwriters Insurance Company has its principal place of business in Schaumburg, Illinois, but at all times material herein has transacted business in Texas and has offices in Harris County, Texas.  Defendant may be served with process by serving its registered agent Corporation Service Company, 211 E. 7th Street; Suite 620, Austin, Texas 78701-3218.

## III. JURISDICTION

9.   Jurisdiction is proper in this Court as to the relief requested and the amount of damages sought. Venue is proper in Harris County, Texas, as all or a substantial part of the events that give rise to the claims occurred in Harris County, Texas, and Harris County is a county in which some

of the Plaintiffs resided at the time of the accrual of the action. TEX. CIV. PRAC. & REM. CODE §15.002(a)(1), (3) & (4).

10. Personal jurisdiction over the foreign Defendant is proper in Texas as it has purposely availed itself to the jurisdiction of Texas by seeking out services and transacting business in the State of Texas. Defendant has sufficient minimum contacts with the State of Texas to invoke the jurisdiction of Texas courts.

## IV.  FACTS

11. On or about August 25-29, 2017, the greater Houston and Texas coastal areas were hit by Hurricane Harvey and its aftermath. The Hurricane produced significant windstorm, flood, and surge peril in the affected areas for many days. As a result, Texas Governor Greg Abbott and the United States Government issued mandatory evacuation orders for many of the Texas coastal counties during the week of August 27, 2017. These mandatory evacuations included the counties of Harris, Brazoria, Montgomery and Chambers.

12. Defendant issued policies of insurance to Plaintiffs for policy periods that included August 25-29, 2017. These policies, which have substantially similar terms, are referred to herein as a "*Policy*" or collectively as the "*Policies*."

13. The Policies' Property coverage part 330 includes the following insuring agreement:

> WE will pay BUSINESS INCOME CONTINUATION when YOU must suspend YOUR business because of LOSS from any cause (except as excluded or as stated otherwise in the declarations) to: . . .
> 3) property, other than that at the LOCATION, that directly results in civil authorities preventing YOU from entering YOUR BUILDING.

14. The Policies define "BUSINESS INCOME CONTINUATION" as "the amount of GROSS PROFIT you have selected to be paid to YOU in the event of the total suspension of YOUR business."

15. This coverage part also includes supplemental limits for extra expenses, which apply in addition to the limits shown in the declarations. The Policies provide that "[i]f BUSINESS INCOME CONTINUATION is insured: up to the total limit for BUSINESS INCOME CONTINUATION shown in the declarations, to apply to EXTRA EXPENSE incurred by YOU at the LOCATION or any building YOU own, rent or lease for use in YOUR business." Moreover, "if Insuring Agreement B. –Business Income Continuation, part 3 applies, EXTRA EXPENSE coverage begins immediately after the time civil authorities prevent YOU from entering YOUR building[.]"

16. The Policies define "EXTRA EXPENSE" as "the necessary expenses YOU incur during the period of suspension to return YOUR operations to as near to normal as possible after a LOSS, such expense being over and above the total cost that would have been incurred to conduct YOUR operations had no LOSS occurred."

17. The Policies define "SPECIFIED PERIL" as "LOSS caused by: . . . windstorm[.]"

18. Plaintiffs' businesses reside in the areas impacted by the mandatory evacuations, which were related to Hurricane Harvey. The evacuation orders prevented Plaintiffs from entering their businesses, and Plaintiffs were unable to open for business during the week of August 27, 2017. Plaintiffs thus sustained loss of GROSS PROFITS and incurred EXTRA EXPENSES due to the evacuation orders.

19. Directly following the sustained losses, Plaintiffs each filed Web Claims for their losses as required by Defendant. By letters dated November 30, 2017, Defendant wrongfully denied each of the Plaintiffs' claims for coverage. As a result, Plaintiffs have had to retain the undersigned counsel to pursue their claims against Defendant. Plaintiffs' collective total claims sustained as a

result of the above-described covered losses is $1,008,838.00 exclusive of reasonable and necessary attorney's fees, expenses and costs of suit.

## V.   CAUSES OF ACTION

### A.   BREACH OF CONTRACT

20. Plaintiffs incorporate by reference the allegations of the preceding paragraphs in this Original Petition.

21. Plaintiffs fully performed their obligations under the Policies and paid the required premiums.

22. Hurricane Harvey, by its definition, was a very strong windstorm. The Policies are valid and enforceable all-risk insurance policy contracts whereby Defendant agreed to pay Plaintiffs for BUSINESS INCOME CONTINUATION and EXTRA EXPENSES due to the suspension of their businesses because of loss to property. Windstorms are specified perils under the Policies.

23. Defendant breached the Policies by failing to provide Plaintiffs with coverage for their losses caused by a specified peril and denying Plaintiffs' claims.

24. As a direct and proximate cause of Defendant's breach of the Policies, Plaintiffs have been damaged collectively in excess of $1,000,000.00.

25. All conditions precedent to Plaintiffs' breach of contract claims have been satisfied or waived.

26. Plaintiffs also seek recovery of their attorneys' fees, expenses and court costs incurred in pursuing this action against Defendant as allowed under applicable law.

### B.   ATTORNEYS' FEES AND PROMPT PAYMENT OF CLAIMS

27. Plaintiffs incorporate by reference the allegations of the preceding paragraphs in this Original Petition.

28.     Plaintiffs were forced to engage legal counsel in order to redress their losses. Plaintiffs are entitled to recover their attorneys' fees arising out of this coverage dispute under the Texas Civil Practice & Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE §38.001(8).

29.     Additionally, Defendant has violated the Texas Prompt Payment of Claims Act because it has failed to pay the losses to which Plaintiffs are entitled. *See* TEX. INS. CODE §§542.051-.061. Accordingly, Defendant is liable for the amount of Plaintiffs' claims, statutory interest on the amount of the claim, and reasonable and necessary attorney's fees. *Id.*

## VII.  JURY DEMAND

30.     Plaintiffs hereby demand a trial by jury.

## VIII.  CONDITIONS PRECEDENT

31.     All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

## IX.  REQUEST FOR DISCLOSURE

32.     Pursuant to TEX. R. CIV. P. 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request that Defendant be cited to appear and answer, and that upon final trial, the Court order the relief requested hereinabove against Defendant; award Plaintiffs their court costs and reasonable and necessary attorneys' fees and expenses, and for such other and further relief to which Plaintiffs may be entitled in law or equity.

Respectfully submitted,

**SHIELDS LEGAL GROUP, P.C.**

By: /s/ Jennifer S. Stoddard
 James D. Shields
 State Bar No. 18260400
 Jennifer S. Stoddard
 State Bar No. 19260650
 Bart F. Higgins
 State Bar No. 24058303
 16301 Quorum Drive, Suite 250B
 Addison, Texas 75001
 (972) 788-2040 -Main
 (972) 788-4332 –Facsimile
 Email: jshields@shieldslegal.com
  jstoddard@shieldslegal.com
  bhiggins@shieldslegal.com